UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GILBERT RAMON, <br><br> Plaintiff, <br><br> v. <br><br> THEODORE E. ROKITA, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-94-CCB-SJF |

## OPINION AND ORDER

Gilbert Ramon, a prisoner without a lawyer, initiated this case by filing a document labeled "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." (ECF 2.) The court interpreted this as a complaint, but found it procedurally deficient and improperly combining unrelated claims against unrelated defendants. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). His filing was stricken, but he was afforded an opportunity to replead his claims and to assert only related claims against related defendants. (ECF 6.) He responded with an amended complaint (ECF 11), which suffers from many of the same problems as his earlier pleading. However, given the nature of his allegations, the court finds it unlikely that requiring him to replead again will result in a more coherent pleading. Therefore, the court will proceed to screen the amended complaint as drafted.

Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ramon is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ramon is an inmate at Indiana State Prison ("ISP"). He alleges that he has been subjected to a vast campaign of harassment and mistreatment by an array of defendants, including the Indiana Governor, the Commissioner of the Indiana Department of Correction ("IDOC"), ISP Warden Ron Neal, judges, police officers, prison guards, and others. He claims that on a date in December 2024, several prison guards tried to murder him pursuant to a "hit" placed on him by some high-ranking state official. He claims they took him on a drive outside the prison to various cities and engaged in a number of suspicious acts, but then abandoned their plan after he confronted them. He claims other staff at the prison ignored his reports about the "attempted murder." He further claims that someone is tampering with his electronic tablet, including removing certain words from his dictionary application, and is spying on him with microphones hidden in a "false wall."

He also claims that the officer who arrested him in his 2006 criminal case concocted the charges against him and "staged a burglary" in his residence.[1] He claims that the judge, prosecutor, police, and others conspired to convict him of false charges by "tainting" the jury pool and denying him other constitutional protections. Based on these issues, he seeks more than $50 million in damages and various forms of injunctive relief, including release from custody on home confinement.

With due respect to Ramon, the court finds his allegations about the murder plot, the spying with hidden microphones, and tampering with applications on his tablet in the realm of "fantastic" or "delusional." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The court similarly finds his allegations about a "staged robbery" and a vast conspiracy among judges, police, the governor, and others to convict him on false charges incredible. *See id.* Furthermore, he cannot use a civil rights suit under 42 U.S.C. § 1983 to challenge his state conviction, and instead, the sole means of challenging a state conviction in federal court is through the habeas corpus statute. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Nor can he pursue a claim in this civil case based on an allegation that he is innocent, that the evidence against him was false, or that his constitutional rights were violated during his trial, because such claims necessarily imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). He also cannot obtain release from

---

[1] Public records reflect that Ramon is serving an aggregate 92-year sentence for rape, criminal deviate conduct, criminal confinement, and related offenses. *Ramon v. State*, 888 N.E.2d 244, 247 (Ind. Ct. App. 2008). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

3

custody in this civil rights suit. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). The remedy for a constitutional violation pertaining to the conditions of an inmate's confinement is an order aimed at ameliorating the unconstitutional conditions or an award of damages. *Id*. "[R]elease from custody is not an option." *Id.*

Stripping away those allegations, the court discerns a claim that he is not receiving adequate treatment for mental health problems. He states that his mental health has been declining, and he has asked to see the therapist more regularly, but it appears this has not happened. It is evident from his allegations that he is under the care of a medical staff and is receiving medication, but his amended complaint can be read to allege that the treatment he is receiving is not effectively addressing his mental health problems.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the second prong, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to

4

criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). In effect, the Eighth Amendment protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

Giving Ramon the inferences to which he is entitled at this stage, he has alleged a serious medical need in connection with his mental health problems. On the second prong, he has not provided sufficient information for the court to plausibly infer that any medical professional has acted in a manner that could be deemed grossly inadequate under the circumstances, such that they could be held liable for damages.[2] *Walker*, 940 F.3d at 965. Nevertheless, he claims to have ongoing mental health concerns that are not being adequately addressed. The Warden has both the authority and the responsibility to ensure that inmates at his facility are provided medical care to address serious medical needs as required by the Eighth Amendment. *See Gonzalez v. Feinerman*,

---

[2] To the extent he is trying to sue his therapist or other medical staff for failing to take action after he told them about the alleged "murder plot," the court declines to allow him to pursue such a claim. *See Neitzke,* 490 U.S. at 328.

5

663 F.3d 311, 315 (7th Cir. 2011). Ramon will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for mental health treatment.

Ramon separately moves for a preliminary injunction. (ECF 12, 13.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting). The court also must consider the Supreme Court's admonition that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

The bulk of Ramon's lengthy motion and supplement relates to the alleged murder plot and the alleged conspiracy surrounding his criminal conviction. (ECF 12, 13.) He is not being permitted to proceed on claims related to those issues, and the court cannot grant him emergency injunctive relief related to issues that are outside the scope of this case. *See Westefer*, 682 F.3d at 681.

Buried within his motion, he references the need for additional mental health treatment. He requests that the court order prison staff to provide him with therapy sessions on a particular schedule (one hour every seven days), but the Eighth Amendment does not entitle him to demand specific care. *Walker*, 940 F.3d at 965. Additionally, mandatory injunctions requiring specific acts by a defendant are "sparingly issued," particularly in the correctional setting. *Mays*, 974 F.3d at 818. At present, the court only has Ramon's version of events and it is difficult to determine on this limited record whether he has a likelihood of success in proving that he is receiving constitutionally inadequate care for mental health problems in violation of the Eighth Amendment. In light of the deference owed to prison officials and the limitations on granting injunctive relief in the correctional setting, the court will order the Warden to respond before taking further action on Ramon's motion for a preliminary injunction.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief related to the plaintiff's ongoing need for mental health treatment as required by the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Theodore E. Rokita, Governor of Indiana, Dejuan D. Lott, Gill, Commissioner of the Indiana Department of Correction, Jeffery Malott, Lead Investigator, Superintendent, Administrator, Supervisor, Dawn Buss, Utesch, Faye, Sims, Jen Selke, Nancy Marthakis, Psychiatrist, and Assistant as defendants;

(4) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Indiana State Prison by email to the Indiana Department of Correction with a copy of this order, the amended complaint (ECF 11), and the motion for a preliminary injunction (ECF 12) pursuant to 28 U.S.C. § 1915(d);

(5) **DIRECTS** the clerk to fax or email a copy of the same documents to the Warden of Indiana State Prison at Indiana State Prison;

(6) **ORDERS** the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) **ORDERS** the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **August 18, 2025**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current mental health and the steps being taken to address any mental health issues; and

(8) **ORDERS** the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 25, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT