UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GILBERT RAMON,

       Plaintiff,

           v.                              CAUSE NO. 3:25-CV-94-CCB-SJF

THEODORE E. ROKITA, et al.,

       Defendants.

**OPINION and ORDER**

Plaintiff Gilbert Ramon, a prisoner without a lawyer incarcerated at Indiana State Prison ("ISP"), filed a complaint that was initially screened by the District Court. [DE 14]. In that Opinion and Order, on June 25, 2025, the Court dismissed a majority of the Plaintiff's claims, but allowed a single claim to proceed. [DE 14]. In particular, the Court granted Plaintiff leave to proceed against the Warden of ISP in his official capacity for injunctive relief related to his ongoing need for mental health treatment required by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). On September 16, 2025, the parties also consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c). [DE 28].

Subsequently, on September 23, 2025, the sole remaining defendant filed a motion for summary judgment, pursuant to Fed. R. Civ. P. 56, on the ground that Plaintiff failed to exhaust his available administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. [DE 29]. Defendant's motion was accompanied by a Memorandum in Support of Motion for

Summary Judgment and a Statement of Material Facts. [DEs 30-31]. Plaintiff filed a response, and the Defendant filed a reply. [DEs 37, 38]. The summary judgment motion is fully briefed and is now ripe for ruling.

With the parties' consent to the undersigned magistrate judge, the Court now enters the following opinion and order addressing Defendant's pending motion. For the reasons explained below, the Court grants Defendant's Motion for Summary Judgment [DE 29].

## I.    FACTUAL BACKGROUND

The following facts are undisputed.[1] The facts are presented in chronological order, where applicable, and taken in the light most favorable to Plaintiff. Plaintiff was incarnated at ISP in Michigan City, Indiana at all times relevant to his complaint. [DE 31 at 1, ¶¶ 1-2].

Indiana Department of Corrections ("IDOC") recognizes only one grievance process, the Offender Grievance Process. [DE 31 at 1, ¶¶ 3, 6]. IDOC's Offender Grievance Process was (and remains) in place at ISP during Plaintiff's period of incarceration. [DE 31 at 1, ¶ 3]. All incarcerated individuals at ISP are made aware of said process when they first arrive at ISP during admission and orientation proceedings. [DE 31 at 1, ¶ 5, at 5, ¶ 23]. Further, the grievance process is available to all

---

[1] As explained in Section III.A. *infra*, Plaintiff's response brief appears to disregard the Court's local rules, particularly, N.D. Ind. L.R. 56-1(b)(2). The Court has thus considered Defendant's Statement of Material Facts [DE 31], along with affidavits and evidence brought in support of same as undisputed, as permitted by Fed. R. Civ. P. 56(e). *See also* Fed. R. Civ. P. 56(c)(1)(A).

incarcerated individuals at ISP at all times, including when the requesting inmate is in restrictive housing or the infirmary. [DE 31 at 5, ¶ 23].

The Defendant provides the following in support of his motion: Affidavit of IDOC Facility Grievance Specialist, Joshua Wallen; Indiana Department of Correction's Offender Grievance Policy; Plaintiff's June 6, 2024, Grievance [DEs 29, 29-1, 29-2, 29-3] which show the following facts: During all relevant times, a grievance process was in place and available to all inmates at ISP in Michigan City, Indiana. [DE 29-1 at 2, ¶ 6, at 5, ¶ 23, DE 31 at 5, ¶ 23]; that process, the Offender Grievance Process, requires an inmate to complete three steps before filing a lawsuit: (1) a formal grievance; (2) an appeal to the warden/designee; and (3) an appeal in writing to the Department Grievance Manager. [DE 29-1 at 2, ¶ 7, DE 31 at 2, ¶ 7]. Each step must be completed to successfully exhaust the grievance process. [DE 31 at 2, ¶ 8]. An aggrieved individual must use the proper grievance forms and must timely file each grievance within the time specified in the Offender Grievance Process [DE 29-1 at 2, ¶ 8, DE 31 at 2, ¶ 8].

The affidavit of IDOC Facility Grievance Specialist Mr. Wallen and Plaintiff's grievance history indicate that he failed to grieve the issue of his ongoing need for mental health treatment. [DEs 29, 31]. Plaintiff's grievance history indicates that he did grieve one incident where he alleged custody staff failed to wake him up to bring him to his mental health treatment on June 3, 2024, which he submitted on June 6, 2024 [DE 29-1 at 5, ¶ 27, DE 31 at 5, ¶ 27]. Plaintiff did fully grieve this incident [*Id.*].

However, this grievance did not pertain to Plaintiff's contention in this lawsuit, and the basis for his claim for injunctive relief, that he is not receiving adequate mental

3

health treatment. [DE 29-1 at 5, ¶ 25, DE 31 at 5, ¶ 25]. The grievance Plaintiff filed and exhausted only related to his contention that on June 3, 2024, custody staff failed to properly bring him to his mental health psychotherapy appointment. [DE 29-1 at 5, ¶ 25, DE 31 at 5, ¶ 25].

In his response, Plaintiff does not respond or dispute Defendant's contention that he failed to properly exhaust the grievance process. [*See* DE 37]. To the extent Plaintiff does address the grievance process, it is to aver that it is unnecessary [DE 37-1 at 2, ¶ 4] or fraudulent [DE 37-1 at 8, ¶14].

## II.   LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore,* 351 F.3d 278, 282 (7th Cir. 2003).

Accordingly, the court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is a material

dispute that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Indeed, the court is not "obligated to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Specifically, the nonmoving party must present sufficient evidence to show the existence of each element of his case on which he will bear the burden at trial. *Celotex*, 477 U.S. at 322-23; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). "Sworn affidavits, particularly those that are detailed, specific, and based on personal knowledge are 'competent evidence to rebut [a] motion for summary judgment.'" *Kaba v. Stepp*, 458 F.3d at 681 (2006) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (*per curiam*)). But where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff alleges that Defendant acted with deliberate indifference to his mental health appointments. Defendant has moved for summary judgment contending that the undisputed material facts show that Plaintiff failed to exhaust the administrative remedies available to him prior to bringing his lawsuit.

### III.    DISCUSSION

#### A.  Procedural Deficiencies with Plaintiff's Response

As stated, Defendant moved for summary judgment on September 23, 2025. [DE 29]. Under this Court's local rules, a party moving for summary judgment must separately file: (1) a motion; (2) a supporting brief; and (3) a statement of material facts with numbered paragraphs for each material fact the moving party contends is undisputed which includes (A) a short statement of each fact; and (B) a citation to evidence supporting each fact. *See* N.D. Ind. L.R. 56-1(a). Further, where an opposing party is unrepresented, the movant must include the form Notice found in Appendix C. N.D. Ind. L.R. 56-1(a)(4). Defendant's summary judgment filings comport with these rules, thus meeting his obligation as the moving party. [*See* DE 29 (motion); DE 30 (supporting brief); DE 31 (statement of material facts); DE 32 (notice)].

Plaintiff then responded on May 1, 2026, after the Court discharged an earlier show cause order for his failure to file a timely response. [*See* DE 36]. Accordingly, Plaintiff's delay in filing this document is excused. Plaintiff's filing, entitled "Confidential Notice of Summary-Judgement [sic] Motion" which the Court construes as a response, ignores the requirements listed in in N.D. Ind. L.R. 56-1(b)(1). [*See* DEs 37]. Further, instead of including a separately filed Response to Statement of Material Facts as required by N.D. Ind. L.R. 56-1(b)(2) as it pertains to unrepresented parties, Plaintiff's attached filing entitled "Confidential Addendum Notice of Summary-Judgement [sic] Motion" which Plaintiff requests that this Court construe as an affidavit in support of his response, mostly contains arguments and recollections unrelated to his

operative complaint. [*See* DE 37-1]. None of the numbered paragraphs were paired with either a corresponding paragraph from Defendant's motion or a citation to evidence. Further, Defendant's affidavit does not include "a correspondingly numbered response immediately following each paragraph of the Statement of Facts" or a citation to evidence supporting each dispute of fact. *See* N.D. Ind. L.R. 56-1(b)(2). Plaintiff's affidavit thus also fails to include a list of additional facts in a section titled Additional Material Facts as required. Thus, Plaintiff has not met his obligations as the nonmoving party under the local rules.

Defendant does not raise these procedural deficiencies in his reply brief. Despite this, "[t]he district court is entitled to require strict enforcement with its local rules." *McCormick v. Goebel*, 655 F. Supp. 3d 748, 756 (N.D. Ind. 2023)(citing *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015). The Court included these requirements in the local rules because they facilitate the Court's ability to efficiently and justly resolve motions for summary judgment. Thus, parties' "[c]ompliance with these rules demonstrates respect for the process." *Robertson v. Marthakis*, No. 3:22CV887 DRL-AZ, 2025 WL 1784690, at *5 (N.D. Ind. June 25, 2025). When a party fails to comply with the local rules, the Court must then wade through a long record to find disputes of fact. But "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991); *see also Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 353 (N.D. Ind. 2021) (stating that "it isn't the court's job to find the needle in the haystack, the truffle in the field, or the Waldo on the page."). Accordingly, a non-moving party's failure to admit or deny facts as presented in the moving party's

statement of facts "render[s] the facts presented by the moving party as undisputed." *Curtis*, 807 F.3d at 218-19; *see also* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

Thus, the Court must determine whether to treat Defendant's Statement of Material Facts as undisputed here. Plaintiff responded on May 1, 2026, after the Court discharged an earlier show cause order for his earlier failure to file a timely response. [*See* DE 36]. This suggests that the deficiencies did not stem from a lack of time. Rather, it suggests a lack of awareness of the Court's rules at the time the response was filed. Based on these circumstances, as well as Plaintiff's total failure to comply with the rules, the Court can only consider the facts listed by Defendant in his Statement of Material Facts [DE 31, ¶¶ 1-29] and designated evidence as undisputed, consistent with other courts in this district. *See* Fed. R. Civ. P. 56(c); *Szczepanski v. Dana, Inc.*, No. 1:22-CV-00318-GSL, 2024 WL 3594693, at *1 fn. 1 (N.D. Ind. July 31, 2024) (accepting the moving party's Statement of Facts as true where the non-moving party — "ma[d]e no attempt to comply with Fed. R. Civ. P. 56 or N.D. Ind. L.R. 56-1(b)"); *Buckley v. S.W.O.R.N. Prot. LLC*, No. 20-CV-357, 2022 WL 4598577, at *1 (N.D. Ind. Sept. 30, 2022) (same).

Based on Plaintiff's failure to follow N.D. Ind. L.R. 56-1(b), and in the interests of efficiency and justice, the Court has endeavored to set forth the undisputed facts based on the parties' submissions and designated evidence and will treat Defendant's Statement of Material Facts as undisputed. *See* Fed. R. Civ. P. 1.

### B. Merits Analysis

Here, Plaintiff has brought a § 1983 claim against Defendant. Plaintiff alleges that Defendant violated the Eighth Amendment by failing to provide him with adequate mental health treatment.[2] Defendant has moved for summary judgment, contending that the undisputed material facts show that Plaintiff failed to exhaust the administrative remedies available to him.

Under the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025; *Perez,* 182

---

[2] In order to state an Eight Amendment claim for the denial of adequate medical treatment, a prisoner must allege that he had an objectively serious medical need and that the defendant acted with deliberate indifference to that medical need. *Estelle*, 429 U.S. at 104 (1976).

F.3d at 535. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Here, the materials Defendant provides in support of his motion show that during all relevant times, a grievance process was in place and available to all inmates at ISP in Michigan City, Indiana. [DE 29-1 at 2, ¶ 6, at 5, ¶ 23, DE 31 at 5, ¶ 23]. The affidavit of IDOC Facility Grievance Specialist Mr. Wallen and Plaintiff's grievance history indicates that he failed to grieve the issue of his ongoing need for mental health treatment. [DEs 29, 31]. Plaintiff's grievance history indicates that he did submit a grievance that was fully grieved; it was related to a single instance where Plaintiff alleged that he was not woken up for his mental health treatment on a single day. [DE 29-1 at 5, ¶ 27, DE 31 at 5, ¶ 27]. However, this grievance did not pertain to Plaintiff's contention in this lawsuit, and the basis for his claim for injunctive relief, that he is not receiving adequate mental health treatment. [DE 29-1 at 5, ¶ 25, DE 31 at 5, ¶ 25]. The grievance Plaintiff filed and exhausted only related to his contention that on June 3, 2024, custody staff failed to properly bring him to his mental health psychotherapy appointment.

In his response, Plaintiff does not respond or dispute Defendant's contention that he failed to properly exhaust the grievance process. [*See* DE 37]. Instead, Plaintiff argues that the PLRA is fraudulent precedent along with the screening order issued on June 25, 2025. [DE 37 at 4, ¶ 9, at 8, ¶ 15]. It is within "Congress's inherent power to limit the remedies available under the statutes it enacts" therefore, the exhaustion requirement found in § 1997e(a) is a proper exercise of that power as applied to § 1983. *See Zehner v.*

*Trigg*, 952 F. Supp. 1318, 1331 (S.D. Ind. 1997). Plaintiff's other arguments regarding the claims originally screened on June 25, 2025, are also disregarded as they were properly dismissed. *See Cox v. U.S. Dep't of Justice*, No. 1:23-cv-01601-JPH-MJD, 2024 WL 5683541, at *1 (S.D. Ind. Mar. 7, 2024) Further, a response to a summary judgment motion "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *See id.* (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)).

Accordingly, on this record it is undisputed that Plaintiff did not strictly comply with the Offender Grievance Process by filing a grievance alleging he was not receiving adequate mental health treatment as required by the Eighth Amendment. The undisputed facts therefore establish Plaintiff had available administrative remedies which he did not exhaust before filing this lawsuit. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (The PLRA's "mandatory language means a court may not excuse a failure to exhaust."). The Defendant has thus met his burden to show that Plaintiff did not exhaust his available administrative remedies before filing this lawsuit. Therefore, the motion for summary judgment will be granted.

## IV.    CONCLUSION

For these reasons, the Court:

(1) **GRANTS** the Defendant's motion for summary judgment [DE 29];

11

(2) **DIRECTS** the Clerk to enter judgment in favor of the Defendant and against

Gilbert Ramon and to close this case.

**SO ORDERED** this 6th day of August 2026.

s/Scott J. Frankel_____
Scott J. Frankel
United States Magistrate Judge
